# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

JAMAL RASHID, an individual,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; MATTHEW KEIM, an individual,

Defendants.

Case No. 2:19-cv-01483-APG-EJY

**ORDER REMANDING CASE TO STATE COURT**

The defendants removed this case to federal court. ECF No. 1. Plaintiff Jamal Rashid moved to remand the case to state court because he is a Nevada resident like defendant Matthew Keim, which defeats this court's diversity jurisdiction. ECF No. 11.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotation and citation omitted). "This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (internal quotation and citation omitted). See also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The removing party "always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

Here, there is considerable doubt as to the defendants' right to remove this case. There is strong evidence that Rashid was a Nevada resident at the time he filed this lawsuit in state court.

Rashid owns a house in Las Vegas that burned, triggering the events giving rise to this lawsuit. He uses that address for state and federal tax purposes and the address is listed on his Nevada driver's license. ECF No. 11-1 at 2. He declares under oath that it is his primary residence and he would be living there but for it being destroyed by the fire. ECF No. 14-1.

The defendants contend that Rashid was raised in California and lived there for many years before buying the Nevada residence, that he has business in California, that he leased a residence in California before the fire, and that he continues to live in the leased California residence after the fire.[1] But where a plaintiff was raised and where the plaintiff lives after the complaint was filed are not determinative of residency for purposes of this court's diversity jurisdiction. Rashid has offered sufficient proof that he was a Nevada resident at the time of the fire and that he intended to return to Nevada at the time he filed the complaint. The defendants have not raised enough doubt about Rashid's Nevada residency at the time he filed this complaint to satisfy their heavy burden of demonstrating that this court can exercise diversity jurisdiction over this case. *Corral*, 878 F.3d at 773–74. Consequently, I must remand this action to state court.

I THEREFORE ORDER this case remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated this 7th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The defendants also point to Rashid's subsequent criminal entanglements in this district and Judge Boulware's requirement that Rashid "remain at home in" Los Angeles pending sentencing. ECF No. 20-1. But that requirement arose after Rashid filed the complaint in this case. And Rashid's Plea Agreement in that criminal case supports a finding that he was a Nevada resident because he admits that he ran several business in Clark County, Nevada. *See* Case No. 19-cr-246-RFB-NJK at ECF No. 8.